# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RED BULL GMBH, an Austrian company, and RED BULL NORTH AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>GOTHAM WHOLESALE CORPORATION, a New Jersey corporation,<br><br>Defendant. | Civil Action No. _____<br><br><br><br>**COMPLAINT** |

## COMPLAINT

This is an action for trademark infringement, unfair competition, and dilution in violation of federal and New Jersey state law.

## PARTIES

1. Plaintiff Red Bull GmbH is an Austrian company with its principal place of business at Am Brunnen 1, 5330 Fuschl am See, Austria.

2. Plaintiff Red Bull North America, Inc. is a California corporation with its principal place of business at 1740 Stewart Street, Santa Monica, CA 90404 and the wholly owned subsidiary of Red Bull GmbH. Red Bull GmbH and Red Bull North America, Inc. are collectively referred to herein as "Red Bull."

3. On information and belief, defendant Gotham Wholesale Corporation, ("Gotham"), is a New Jersey corporation with a place of business at 575 Gotham Parkway, Carlstadt, NJ 07072 and/or 601 Commercial Avenue, Carlstadt, NJ 07072.

## JURISDICTION AND VENUE

4. This Court has jurisdiction because (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq*. (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and (2) this is a civil action between a citizen of New Jersey on one side and citizens of Austria and California on the other side, in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332. Jurisdiction for the claims made under New Jersey state law is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein occurred in this district, and under 28 U.S.C. § 1391(c) because Gotham is subject to this Court's personal jurisdiction for purposes of this case.

## FACTS

### RED BULL'S DOMESTIC PRODUCTS AND FAMOUS TRADEMARKS

6. Red Bull is engaged in the manufacture, distribution, sale and marketing of various goods and services, including its famous Red Bull Energy Drink and other beverage products (collectively, "Red Bull Products"), throughout the United States and in 171 other countries around the world.

7. Since entering the United States market in 1996, the Red Bull Energy Drink has achieved enormous success through extensive marketing and promotional efforts, including in New Jersey. Red Bull has been the leading product in its industry for over 20 years. From 2005 to 2018, Red Bull sold over 24.9 billion units of Red Bull Energy Drink in the United States – over 2.5 billion units in 2018 alone.

8. Since long prior to Gotham's acts complained of herein, Red Bull has made continuous use of the trademarks RED BULL, RED BULL & Double Bull Design, , RED BULL ENERGY DRINK & Blue/Silver Quadrant Design,

, VITALIZES BODY & MIND, and variations of these marks (collectively, "RED BULL Marks") on and in connection with its Red Bull Products.

9. Red Bull owns, among many others, the following federal trademark registrations issued by the United States Patent and Trademark Office for the RED BULL Marks used on and in connection with the Red Bull Energy Drink and other Red Bull Products:

| MARK | REG. NO. | REG. DATE | RELEVANT GOODS |
| --- | --- | --- | --- |
| RED BULL | 3,092,197 | May 16, 2006 | Non-alcoholic beverages, namely energy drinks and hypertonic drinks in Class 32 |
|  | 2,946,045 | May 3, 2005 | Non-alcoholic beverages, namely energy drinks and hypertonic drinks in Class 32 |
|  | 3,197,810 | January 16, 2007 | Soft drinks and sport drinks in Class 32 |

| VITALIZES BODY AND MIND | 3,440,484 | June 3, 2008 | Non-alcoholic beverages, namely, sports drinks, energy drinks and soft drinks in Class 32 |
|---|---|---|---|
| [Red Bull Energy Drink can image] | 3,479,607 | August 05, 2008 | Non-alcoholic beverages, namely, sports drinks, energy drinks and soft drinks in Class 32 |

10. These registrations are valid, subsisting and incontestable and constitute conclusive evidence of Red Bull's exclusive right to use the RED BULL Marks for the goods specified in the registrations. 15 U.S.C. §§ 1065, 1115(b). From 2005 to the present, Red Bull has spent billions of dollars on advertising and promoting the Red Bull Products and the RED BULL Marks in the United States.

11. Red Bull advertises the Red Bull Products featuring the RED BULL Marks in the United States through various means, including electronic media (e.g., "Red Bull TV" – a multi-platform digital video service that features programming from the world of Red Bull on an extensive selection of sports, music and lifestyle entertainment events), print media (e.g., Red Bull's "The Red Bulletin" magazine), and other promotional and point of sale materials (e.g., billboards, in-store displays, sampling cars and Red Bull branded coolers). In addition, Red Bull promotes the RED BULL Marks in connection with the sponsorship of numerous athletes, ownership of sports teams (including the Red Bull New York Soccer team, which plays at the Red Bull Arena in Harrison, New Jersey) and organization of numerous events. Hundreds of thousands of spectators have witnessed Red Bull's events in the United States, further strengthening Red

Bull's brand recognition and building up the goodwill in the RED BULL Marks. In addition, Red Bull has over 48 million fans/"likes" on Facebook, over 2 million followers on Twitter, 11.2 million followers on Instagram and over 8.5 million subscribers on its YouTube channel.

12. As a result of Red Bull's extensive sales, promotion, and advertising of the Red Bull Products, the RED BULL Marks have become famous among the general consuming public of the United States, and represent an extraordinarily valuable goodwill to Red Bull. In fact, the RED BULL Marks are consistently ranked in the top 100 most valuable brands worldwide.

## GRAY MARKET RED BULL ENERGY DRINK

13. In addition to its activities in the United States, Red Bull and its related entities are engaged in the manufacture, distribution, sale and marketing of energy drinks bearing the RED BULL Marks outside the United States. Such products are only authorized for sale in the specific foreign countries or regions for which they are intended and are not authorized for sale in the United States ("Gray Market Red Bull Energy Drink").

14. Gray Market Red Bull Energy Drink is tailored to the specific geographic region or country to which it is intended and authorized. Depending on the intended geographic region or country, Gray Market Red Bull Energy Drink reflects material differences in terms of language, government regulations, and units of measurement, among other things.

15. Red Bull and its related entities appoint distributors or agents in the various geographic regions or countries to maintain the quality associated with products bearing the RED BULL Marks within each particular region or country.

16. Gray Market Red Bull Energy Drink is not authorized or intended for exportation out of its intended region or country, or for importation into, sale, marketing or distribution in the United States.

17. Indeed, the International Trade Commission has issued a General Exclusion Order that bars the importation into the United States of all Gray Market Red Bull Energy Drink, irrespective of the identity of the importer. *See In the Matter of Certain Energy Drink Products*, Inv. No. 337-TA-678 (CIT Oct. 1, 2010).

18. Additionally, Red Bull has successfully taken action against the importation and sale of Gray Market Red Bull Energy Drink in the past. *See, e.g., Red Bull GmbH, et al. v. The Trading Group Inc.*, 18-cv-03764-LGS (S.D.N.Y. Oct. 4, 2018) (awarding permanent injunction and $120,694.08 damages award); *Red Bull GmbH et. al. v. Kassir Co. et. al.*, 1:06-cv-2301-CC (N.D. Ga. Feb. 11, 2009) (entering permanent injunction and $2.1 million damages award); *see also Red Bull GmbH et. al. v. Milton Petroleum, LLC*, 2:19-cv-00715-KM-JBC (D.N.J. May 15, 2019); *Red Bull GmbH et. al. v. Vikisha Inc.*, 2:18-cv-08485-JLL-JAD (D.N.J. Nov. 14, 2018).

## **GOTHAM'S SALE OF GRAY MARKET RED BULL ENERGY DRINK**

19. Gotham sells, promotes, distributes and authorizes, or otherwise contributes to the importation, sale, promotion and/or distribution by others of Gray Market Red Bull Energy Drink that is intended for sale in foreign countries, including, but not limited to Ireland, and not authorized for sale in the United States.

20. The Gray Market Red Bull Energy Drink intended for sale in Ireland, which Gotham sells within the United States, is materially different in many respects from the product authorized for sale in the United States. For example, the Irish Red Bull Energy Drink:

    a. Does not travel through authorized supply chains and is therefore not subject to Red Bull's quality control standards such as transporting the Red Bull Products in climate controlled containers or in a manner that ensures the cans do not get dents and nicks which may result in a can that looks to

        be an inferior product and may also result in leakage or a loss of carbonation;

b. Does not contain the adequate UPC Code to track the product in case of a recall;

c. Presents nutrition information in a manner that does not comply with FDA requirements;

d. Is missing beverage container deposit information required by several U.S. states;

e. Includes variation on English spelling that is different from American English, such as "colour" versus "color," which Americans consumers are unfamiliar with;

f. Presents the expiration date in a manner U.S. consumers are not familiar with, i.e., DD-MM-YYYY and which may not allow the consumer to determine the correct expiration date of the product;

g. Presents volume and nutrition information using the metric system instead of the standard system of measurement that U.S. consumers recognize; and

h. Directs consumers to Red Bull's Irish website instead of its American website and is missing the United States toll-free number for consumers to contact Red Bull in case of questions or concerns.

## FIRST CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32 OF THE LANHAM ACT)

21.     Red Bull re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. Without Red Bull's consent, Gotham has used the RED BULL Marks in commerce in connection with the sale, offering for sale, distribution, and/or advertising of Gray Market Red Bull Energy Drink. These acts have caused or are likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of the Gray Market Red Bull Energy Drink Gotham sells in that purchasers and others are likely to believe Red Bull authorizes and controls Gotham's sale of Gray Market Red Bull Energy Drink in the United States or that Gotham is associated with or related to Red Bull.

23. Gotham's acts are likely to injure and, on information and belief, have injured Red Bull's image and reputation with consumers in the United States by creating confusion about, and dissatisfaction with, the Red Bull Energy Drink.

24. Gotham's acts are likely to injure and, on information and belief, have injured Red Bull's business reputation and relations with retail accounts in the United States by causing customer dissatisfaction, a diminution in value of the goodwill associated with the RED BULL Marks, and a loss of Red Bull's sales and market share to its competition.

25. On information and belief, Gotham's sale, offering for sale, distribution, and/or advertising of Gray Market Red Bull Energy Drink in the United States have been committed deliberately and willfully, with knowledge of Red Bull's exclusive rights and goodwill in the RED BULL Marks and with a bad faith intent to cause confusion and trade on Red Bull's goodwill.

26. Gotham's acts constitute an infringement of Red Bull's trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27. Gotham's acts greatly and irreparably damage Red Bull and will continue to so damage Red Bull unless restrained by this Court; wherefore, Red Bull is without an adequate remedy at law. Accordingly, Red Bull is entitled to, among other things, an order enjoining and

restraining Gotham from selling any Gray Market Red Bull Energy Drink, including, but not limited to, products intended for sale in Ireland, as well as to Gotham's profits, Red Bull's reasonable attorneys' fees and any other remedies provided by 15 U.S.C. § 1116 and 1117.

**SECOND CLAIM FOR RELIEF**
**(UNFAIR COMPETITION IN VIOLATION OF**
**SECTION 43(a) OF THE LANHAM ACT)**

28. Red Bull re-alleges paragraphs 1–8 and 10–20 as if fully set forth herein.

29. Without Red Bull's consent, Gotham has used the RED BULL Marks in commerce in connection with the sale, offering for sale, distribution, and/or advertising of Gray Market Red Bull Energy Drink. These acts have caused or are likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of the Gray Market Red Bull Energy Drink Gotham sells in that purchasers and others are likely to believe Red Bull authorizes and controls Gotham's sale of Gray Market Red Bull Energy Drink in the United States or that Gotham is associated with or related to Red Bull.

30. Gotham's acts are likely to injure and, on information and belief, have injured Red Bull's image and reputation with consumers in the United States by creating confusion about, and dissatisfaction with, the Red Bull Energy Drink.

31. Gotham's acts are likely to injure and, on information and belief, have injured Red Bull's business reputation and relations with retail accounts in the United States by causing customer dissatisfaction, a diminution in value of the goodwill associated with the RED BULL Marks, and a loss of Red Bull's sales and market share to its competition.

32. On information and belief, Gotham's sale, offering for sale, distribution, and/or advertising of Gray Market Red Bull Energy Drink in the United States have been committed

deliberately and willfully, with knowledge of Red Bull's exclusive rights and goodwill in the RED BULL Marks and with a bad faith intent to cause confusion and trade on Red Bull's goodwill.

33. Gotham's acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Gotham's acts greatly and irreparably damage Red Bull and will continue to so damage Red Bull unless restrained by this Court; wherefore, Red Bull is without an adequate remedy at law. Accordingly, Red Bull is entitled to, among other things, an order enjoining and restraining Gotham from selling any Gray Market Red Bull Energy Drink, including, but not limited to, products intended for sale in Ireland, as well as to Gotham's profits, Red Bull's reasonable attorneys' fees and any other remedies provided by 15 U.S.C. § 1116 and 1117.

### THIRD CLAIM FOR RELIEF
### (DILUTION IN VIOLATION OF
### SECTION 43(c) OF THE LANHAM ACT)

35. Red Bull re-alleges paragraphs 1–8 and 10–20 as if fully set forth herein.

36. The RED BULL Marks are famous and are widely recognized by the general consuming public of the United States as a designation of source of the Red Bull Products, including the Red Bull Energy Drink.

37. Gotham's acts as described herein began after the RED BULL Marks became famous and are likely to and have tarnished Red Bull's valuable business reputation and goodwill and are likely to blur the distinctiveness of the famous RED BULL Marks.

38. Gotham's acts are likely to cause and have caused dilution by tarnishment and blurring of the famous RED BULL Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

39. On information and belief, Gotham's sale, offering for sale, distribution, and/or advertising of Gray Market Red Bull Energy Drink in the United States have been committed deliberately and willfully, with knowledge of Red Bull's exclusive rights and goodwill in the Red Bull Marks and with a bad faith intent to cause dilution of the Red Bull marks.

40. Gotham's acts greatly and irreparably damage Red Bull and will continue to so damage Red Bull unless restrained by this Court; wherefore, Red Bull is without an adequate remedy at law.  If not restrained Gotham will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of their acts of dilution. Accordingly, Red Bull is entitled to, among other things, an order enjoining and restraining Gotham from selling any Gray Market Red Bull Energy Drink, including, but not limited to, products intended for sale in Ireland, as well as to Gotham's profits, Red Bull's reasonable attorneys' fees and any other remedies provided by 15 U.S.C. § 1116 and 1117.

### FOURTH CLAIM FOR RELIEF
### (UNFAIR COMPETITION IN VIOLATION OF N.J.S.A. 56:4-1)

41. Red Bull re-alleges paragraphs 1–8 and 10–20 as if fully set forth herein.

42. Without Red Bull's consent, Gotham has appropriated for its own use Red Bull's RED BULL Marks.

43. Gotham has used the RED BULL Marks in commerce in connection with the sale, offering for sale, distribution, and/or advertising of Gray Market Red Bull Energy Drink.  These acts have caused or are likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of the Gray Market Red Bull Energy Drink Gotham sells in that purchasers and others are likely to believe Red Bull authorizes and controls Gotham's sale of Gray Market Red Bull Energy Drink in the United States or that Gotham is associated with or related to Red Bull.

44. Gotham's acts are likely to injure and, on information and belief, have injured Red Bull's image and reputation with consumers in the United States by creating confusion about, and dissatisfaction with, the Red Bull Energy Drink.

45. Gotham's acts are likely to injure and, on information and belief, have injured Red Bull's business reputation and relations with retail accounts in the United States by causing customer dissatisfaction, a diminution in value of the goodwill associated with the RED BULL Marks, and a loss of Red Bull's sales and market share to its competition.

46. On information and belief, Gotham's sale, offering for sale, distribution, and/or advertising of Gray Market Red Bull Energy Drink in the United States have been committed deliberately and willfully, with knowledge of Red Bull's exclusive rights and goodwill in the RED BULL Marks and with a bad faith intent to cause confusion and trade on Red Bull's goodwill.

47. Gotham's acts constitute unfair competition in violation of N.J.S.A. 56:4–1.

48. Gotham's acts greatly and irreparably damage Red Bull and will continue to so damage Red Bull unless restrained by this Court; wherefore, Red Bull is without an adequate remedy at law.  Accordingly, Red Bull is entitled to, among other things, an order enjoining and restraining Gotham from selling any Gray Market Red Bull Energy Drink, including, but not limited to, products intended for sale in Ireland, as well as to Gotham's profits and other remedies provided by New Jersey Stat. §§ 56:3-13.16 to 56:3-13.18.

**FIFTH CLAIM FOR RELIEF**
**(DILUTION IN VIOLATION OF N.J.S.A. 56:3-13.20)**

49. Red Bull re-alleges paragraphs 1–8 and 10–20 as if fully set forth herein.

50. The RED BULL Marks are famous and are widely recognized by the general consuming public of the United States and of New Jersey as a designation of source of the Red Bull Products, including the Red Bull Energy Drink.

51.     Gotham's acts as described herein began after the Red Bull Marks became famous and have diluted the distinctive quality of the famous RED BULL Marks in violation of N.J.S.A. 56:3-13.20.

52.     On information and belief, Gotham's sale, offering for sale, distribution, and/or advertising of Gray Market Red Bull Energy Drink in the United States have been committed deliberately and willfully, with knowledge of Red Bull's exclusive rights and goodwill in the famous RED BULL Marks and with a bad faith intent to cause dilution of the RED BULL Marks.

53.     Gotham's acts greatly and irreparably damage Red Bull and will continue to so damage Red Bull unless restrained by this Court; wherefore, Red Bull is without an adequate remedy at law.  If not restrained, Gotham will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of their acts of dilution. Accordingly, Red Bull is entitled to, among other things, an order enjoining and restraining Gotham from selling any Gray Market Red Bull Energy Drink, including, but not limited to, products intended for sale in Ireland, as well as to Gotham's profits and other remedies provided by N.J.S.A. 56:3-13.20.

**SIXTH CLAIM FOR RELIEF**
**(UNFAIR COMPETITION IN VIOLATION**
**OF NEW JERSEY COMMON LAW)**

54.     Red Bull re-alleges paragraphs 1–8 and 10–20 as if fully set forth herein.

55.     Without Red Bull's consent, Gotham has appropriated for its own use Red Bull's RED BULL Marks.

56.     Gotham has used the RED BULL Marks in commerce in connection with the sale, offering for sale, distribution, and/or advertising of Gray Market Red Bull Energy Drink.  These acts have caused or are likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of the Gray Market Red Bull Energy Drink Gotham sells in that purchasers

and others are likely to believe Red Bull authorizes and controls Gotham's sale of Gray Market Red Bull Energy Drink in the United States or that Gotham is associated with or related to Red Bull.

57. Gotham's acts are likely to injure and, on information and belief, have injured Red Bull's image and reputation with consumers in the United States by creating confusion about, and dissatisfaction with, the Red Bull Energy Drink.

58. Gotham's acts are likely to injure and, on information and belief, have injured Red Bull's business reputation and relations with retail accounts in the United States by causing customer dissatisfaction, a diminution in value of the goodwill associated with the RED BULL Marks, and a loss of Red Bull's sales and market share to its competition.

59. On information and belief, Gotham's sale, offering for sale, distribution, and/or advertising of Gray Market Red Bull Energy Drink in the United States have been committed deliberately and willfully, with knowledge of Red Bull's exclusive rights and goodwill in the RED BULL Marks and with a bad faith intent to cause confusion and trade on Red Bull's goodwill.

60. Gotham's acts constitute unfair competition in violation of New Jersey common law.

61. Gotham's acts greatly and irreparably damage Red Bull and will continue to so damage Red Bull unless restrained by this Court; wherefore, Red Bull is without an adequate remedy at law. Accordingly, Red Bull is entitled to, among other things, an order enjoining and restraining Gotham from selling any Gray Market Red Bull Energy Drink, including, but not limited to, products intended for sale in Ireland, as well as to Gotham's profits and other remedies provided by New Jersey law.

**PRAYER FOR RELIEF**

WHEREFORE, Red Bull prays that:

1. Gotham, its successors, assigns, affiliates, subsidiaries, officers, employees, agents, representatives, and all others in active concert or participation with them, be permanently enjoined from the importation into, and the dealing, marketing, sale or distribution in the United States, of Gray Market Red Bull Energy Drink, including, but not limited to, products intended for sale in Ireland;

2. Gotham, and all others holding by, through or under Gotham, be required, jointly and severally, to:

    a. account for and pay over to Red Bull all profits derived by Gotham from their acts of trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a) and New Jersey common law, and Red Bull asks that this award be trebled in accordance with 15 U.S.C. § 1117(a) and New Jersey Stat. **§** 56:4–2;

    b. pay to Red Bull the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a);

    c. destroy all of the Gray Market Red Bull Energy Drink in its possession, including packaging, and any advertising, marketing, or promotional materials that include Gray Market Red Bull Energy Drink;

    d. send a notice to any existing customers that the importation, dealing in, sale, marketing or distribution of Gray Market Red Bull Energy Drink in the United States is unlawful and that Gotham has been enjoined by a United States District Court from doing so; and

      e.      file with the Court and serve on Red Bull an affidavit setting forth in detail the manner and form in which they have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

3.      Red Bull has such other and further relief as the Court deems just and equitable.

Dated: June 7, 2019

Respectfully submitted,

**MURPHY ORLANDO LLC**

By: /s/ John W. Bartlett
John W. Bartlett (#023042001)
30 Montgomery St., 11th Floor
Jersey City, NJ 07302
(201) 451-5000
jbartlett@murphyorlando.com

**PATTISHALL, MCAULIFFE,
NEWBURY, HILLIARD & GERALDSON LLP**
Phillip Barengolts (IL No. 6274516)
Jacquelyn R. McPeak (IL No. 6324335)
200 S. Wacker Dr., Ste. 2900
Chicago, IL 60606
(312) 554-8000
pb@pattishall.com
jrp@pattishall.com

*Attorneys for Plaintiffs*